## STATE v. JENSON et al.

No. 3749.   Decided August 30, 1919.   (184 Pac. 161.)

1.  INTOXICATING LIQUORS—IN FORFEITURE PROCEEEDING CREDIBILITY OF WITNESSES FOR JURY. In search, seizure, and forfeiture proceedings under the Prohibition Act, against certain intoxicating liquors, vessels, and an automobile used to transport them into the state, the credibility of the witnesses was peculiarly within the province of the district court, which was not bound by the statements of defendants, particularly where the inferences deducible from the undisputed facts were contrary to such statements.  (Page 53.)

2.  INTOXICATING LIQUORS—AUTOMOBILES IN ILLEGAL TRANSPORTATION FORFEITED TO STATE. The Prohibition Act confers upon the courts of Utah the power to declare forfeited to the state all automobiles used for the illegal transportation of intoxicating liquors.[1]  (Page 53.)

FRICK, J., dissenting.

Appeal from District Court, Second District, Weber County; *A. W. Agee,* Judge.

Search and forfeiture proceedings by the state of Utah against Hyrum Jenson, certain intoxicating liquors, vessels, and other property unlawfully used, one Hudson automobile, C. H. Reilly, and P. B. Ryan.  From the judgment forfeiting the property, defendants Reilly and Ryan appeal.

AFFIRMED.

*Dan B. Shields,* Atty. Gen., and *O. C. Dalby, H. Van Dam, Jr.,* and *James H. Wolfe,* Asst. Attys. Gen., for the State.

*Soren X. Christensen* and *Thomas Ramage,* both of Salt Lake City, for appellants.

FRICK, J.

---

[1] *State* v. *Davis,* 55 Utah, 54, 184 Pac. 161.

This is an appeal from a judgment of the district court of Weber county. The proceeding culminating in said judgment was commenced and prosecuted on behalf of the state pursuant to chapter 2, Laws of Utah 1917, commonly known as the Prohibition Act.

The questions involved all arise out of the search, seizure, and forfeiture clauses contained in the act aforesaid.

The proceedings had in the district court in this case are fairly reflected in the findings of fact and conclusions of law made by the district court, and hence it is only necessary to set forth the findings and conclusions of law, which are as follows:

"(1)  That on' the 1st day of November, 1918, in the county of Weber and state of Utah, and at a point in Weber canyon near what is known as Devil's Gate,, the said sheriff seized 515 pints of intoxicating liquor, to wit, whisky, which was then in the possession of the defendant Jenson, as it was being transported by him in the Hudson automobile mentioned in the return or report of the said sheriff; that upon the seizure of such intoxicating liquor and automobile the said sheriff filed in this court his return and report of such seizure, stating the time and place and the reason for such seizure, and describing the said whisky and the said automobile, and that thereupon an order was issued by the judge of this court directing the sheriff to hold safely the said property so seized in his possession until it was disposed of by due process of law; that thereafter the clerk of this court fixed the twelfth day of December, 1918, as the time for hearing the said matter, and caused a notice thereof to be given to the defendant and other persons as required by law; that thereafter, on the ninth day of December, 1918, the said defendant C. H. Reilly appeared and filed his petition or pleading in this matter, claiming to be the owner of the said automobile by virtue of a certain note which is in words and figures as follows (setting forth a copy of the note), and alleging that he had no knowledge concerning the use of the said automobile in any unlawful business, and claiming ownership thereof and demanding the possession thereof; that after the evidence in the said matter had been introduced, and the court had heard the argument of counsel, the said P. B. Ryan asked and was given leave to file a complaint in said matter, claiming the ownership of said automobile.

"(2)  That the said claimant, C. H. Reilly, has no right, title, or interest to or in said automobile, and that the note, a copy of which is set out in his pleading, was not given to him, but was

given to his father, who is now dead, and that the said claimant has no right or title to said note or interest therein, as payee or assignee or otherwise.

"(3)   That the said P. B. Ryan, at the time of the seizure of the said automobile, was the owner thereof, and that the said automobile was being used by the defendant Jenson in and about the business of the said Reilly, and that the intoxicating liquor in said automobile was being transported in said automobile with the knowledge and consent of and for the said Ryan, and that the said liquor, to wit, 515 pints of whisky, contained in pint bottles, was also the property of the said Ryan, and had been brought into this state from Evanston, Wyoming, for said Ryan, and for the purpose of being used and sold by said Ryan in Salt Lake City, Salt Lake county, Utah.

"(4)   The court further finds that the bottles containing the said whisky and the said automobile can be used for lawful purposes, and that the public interest would be served by selling instead of destroying the same."

From the foregoing findings of fact the court states the following conclusions of law:

"That the said whisky and said automobile were owned and kept by the said P. B. Ryan with intent to be used in violation of law, and that the said whisky was brought into this state from the state of Wyoming by the said Ryan, with the intent upon the part of the said Ryan of selling and disposing of the same in violation of the law, and that the said automobile was used as an appliance or implement for the accomplishment of the said purpose, and as an end or means to enable the said Ryan to bring said whisky into this state and to dispose of the same in violation of law; and that the state of Utah is entitled to a judgment forfeiting the said whisky and the said automobile to the state of Utah, and for costs against the said C. H. Reilly and the said P. B. Ryan to be paid equally by them, and directing the said whisky to be destroyed, and bottles and automobile to be sold at public auction to the highest bidder as provided by law, and the money received therefrom to be turned over to the county treasurer of Weber county."

Judgment was accordingly entered declaring the said liquor, bottles, and automobile forfeited to the state of Utah, said liquor to be destroyed, and that the bottles and automobile be sold by the sheriff of Weber county.

The defendants Reilly and Ryan prosecute this appeal from the judgment aforesaid pursuant to Comp. Laws Utah 1917, section 3357, and their counsel insist that the district court

erred in making the findings of fact, conclusions of law, and in entering judgment forfeiting said automobile. They urge that the findings in certain particulars are not supported by the evidence, and that the conclusions of law are contrary to the findings of fact. The principal error assigned and urged, however, is that the district court erred in holding that the act conferred power upon the court to declare the automobile forfeited.

The contention that the evidence fails to support the findings of fact in the particulars stated by counsel is without merit. While; judging from the record, the evidence in some particulars, seems to be in favor of appellants' contention, yet that, standing alone, is not controlling. The credibility of the witnesses was peculiarly within the province of the district court, and, in view of the circumstances, it was not bound to believe the statements of the defendants, and certainly not where the inferences properly deducible from the undisputed facts were contrary to those statements.

In view that the majority of this court has held in the case of *State* v. *Davis,* etc., 55 Utah, 54, 184 Pac. 161, in which an opinion has just been filed, and which precedes this one, that the courts of this state have power to declare forfeited all automobiles which are used for the illegal transportation of intoxicating liquors, and in view that that is the only question left for consideration in this case, it is unnecessary to discuss that question further. The writer, however, dissents from the majority upon the right of the courts to declare a forfeiture of automobiles, for the reasons stated in the dissenting opinion filed in the case of *State* v. *Davis*, etc., supra.

The judgment of the district court of Weber county is affirmed, at appellants' costs.